THE STATE v. CURTIS, *Appellant.*

Practice, Criminal: NEWLY DISCOVERED EVIDENCE. A judgment of conviction will be reversed where the trial court refuses to grant a new trial asked on the ground of newly discovered evidence which is relevant and important, and which could not have been discovered until after the trial.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*F. M. Harrington* and *Willis Oldham* for appellant.

*D. H. McIntyre,* Attorney General, for the State

HENRY, J.—At the February term, 1881, of the Adair circuit court, the defendant was indicted for a rape alleged to have been committed by him upon one Olvi Vanlandingham, and at the same term was tried, convicted and sentenced to twenty years' imprisonment in the penitentiary. He has appealed to this court from the judgment. He was convicted on the testimony of Olvi Vanlandingham corroborated by that of Dan'l Fosselman, but not as to the main fact. She made no outcry, although the crime was committed in a populous part of the town of Kirksville, and she swore that she did not, because the defendant and his accomplices threatened to shoot her if she did. Complaint is made that the court admitted testimony on the part of the State which should have been excluded, and in behalf of the State gave erroneous instructions to the jury.

Without repeating here the disgusting details of the evidence, we are satisfied that no error occurred in the progress of the trial, either with respect to instructions given or evidence admitted. After the verdict was rendered, the defendant filed the affidavit of Geo. W. Parks, who was marshal of the town of Kirksville, to the effect, that the day after the alleged rape, he had the prosecuting witness in his custody, and had a conversation with her in which she told him that they did not abuse her that night. This conversation occurred before any complaint of a rape was made against defendant. In his affidavit, defendant stated that he discovered this evidence after his trial; that Parks had kept said communication secret until after defendant's trial, and for a considerable portion of the time after defendant's arrest was out of the county. On these affidavits he asked the court to set aside the verdict and grant him a new trial, which was refused.

We are of the opinion that the new trial should have been granted. The prosecuting witness made no outcry, or offered such resistance as should be made by a female

upon whom a rape is attempted. She fully explains why she did not at the time of the commission of the alleged rape, but the same night after it was committed, and after she was freed from the restraint of defendant and his accomplices, and for weeks after, she had ample opportunity to make complaint of her ravishment, but did not. This occurred, if at all, about the last of December, and yet for the first time, in the following February, defendant is, by indictment, charged with the crime. We do not say that the evidence before the court did not warrant the conviction, but a very different conclusion might have been reached by the jury if they had had Parks' testimony before them. It was relevant and important, discovered after the trial, and defendant swore, and.is not contradicted on that point, that he could not have discovered it earlier, for reasons therein stated, alluded to heretofore.

We think that justice will be subserved by reversing the judgment and remanding the cause, which is accordingly done. All concur.